**Al RIEDER, et al., Plaintiffs,**

v.

**Edward SCHER, et al., Defendants.**

**Civ. No. 86–5085 (AET).**

United States District Court,
D. New Jersey.

Dec. 2, 1987.

Zunz & Ollendorf, Hackensack, N.J., for plaintiffs.

Lampf, Lipkind, Prupis & Petigrow, P.C., West Orange, N.J., for Edward Scher.

## OPINION

ANNE E. THOMPSON, District Judge.

This matter comes before the court on plaintiffs Al and Harry Rieder's motion for partial summary judgment and declaratory relief and defendant Edward Scher's cross-motion to restore himself to full signatory authority on all LaFonge Associates ["LFA"] bank accounts. Plaintiffs filed this action for declaratory judgment requesting that the court declare that (1) defendant is no longer the managing partner of LFA; (2) plaintiff Al Rieder is the managing partner of LaFonge Associates; and (3) defendant is no longer entitled to compensation as managing partner of LFA. Defendant Scher has filed counterclaims and a third-party complaint against LaFonge Corporation, LaFonge Associates, Zoltan Rieder, Flame Construction Corp., Joe Kastner, JZR Associates, and John Does 1–100. In his counterclaim and third-party complaint Scher requests (1) a declaratory judgment declaring him to be a 25% partner in LaFonge Associates; (2) a declaratory judgment declaring him to be the managing partner of LFA and to be entitled to a commercially reasonable salary; (3) judgment equal to amounts allegedly diverted from LFA; (4) a declaratory judgment declaring LFA to be the owner of land covered by the JZR contract; and (5) punitive damages.

Plaintiffs now move for summary judgment on their declaratory judgment request as well as summary judgment dismissing defendant's first, second, fourth, fifth, seventh and ninth counterclaims. Defendant has cross-moved to restore defendant to full signatory authority on all LFA bank accounts.

■ Plaintiffs argue that the prior oral statements alleged by Scher are not evidence of fraud in the inducement as a matter of law. Scher alleges that he was fraudulently induced to sign various agreements by plaintiffs' assurances that no additional financial commitments or contributions from Scher would be required for the Somerset Mews project. In order to state a claim for fraudulent misrepresentation, Scher must show (1) a material misrepresentation of a presently existing or past fact; (2) made with knowledge of its falsity; (3) and made with the intention that another party rely thereon; and (4) resulting in damage to the party so relying. *Capano v. Borough of Stone Harbor*, 530 F.Supp. 1254, 1264 (D.N.J.1982) (quoting *Jewish Center of Sussex County v. Whale*, 165 N.J.Super. 84, 397 A.2d 712 (Ch.Div. 1978), *aff'd* 172 N.J.Super. 165, 411 A.2d 475 (App.Div.1980), *aff'd* 86 N.J. 619, 432 A.2d 521 (1981). While a claim for misrepresentation cannot be based upon statements regarding future actions, a false representation of an existing intention with regard to future activities may be actionable. *Id.* Under New Jersey law representations as to future events or as to expectations or as to what was intended do not constitute misrepresentations. *Chatlos*

*Systems v. National Cash Register Corp.,* 479 F.Supp. 738, 748 (D.N.J.1979), *modified* 635 F.2d 1081 (3d Cir.1980), *cert. dismissed* 457 U.S. 1112, 102 S.Ct. 2918, 73 L.Ed.2d 1323 (1982).

Plaintiffs argue that the misrepresentations alleged by Scher do not constitute fraud because they involve predictions of future economic performance and because Scher had equal access to the financial records of the corporation and the partnership. Plaintiffs further argue that Scher has ratified any alleged misrepresentations regarding the financing for Somerset Mews by personally signing a note for $100,000 in 1982. By signing the note, plaintiffs argue, Scher ratified prior transactions between himself and plaintiffs. When a party discovers fraud "he must thereupon act with diligence and without delay if he desires to rescind; and the transaction will be deemed ratified if he does any material act which assumes the transaction valid." *Ajamian v. Schlanger,* 20 N.J.Super. 246, 248, 89 A.2d 702 (App. Div.1952).

Scher alleges that the plaintiffs told him that "he would not incur any financial risks or commitments in exchange for placing his construction and management experience at the disposal of LFA and that his percentage interest in LFA would not be jeopardized." (Defendant's Brief, p. 1). The fact is, however, that Scher entered into further financial obligations without dispute. On September 7, 1983 Scher signed a promissory note for $100,000. (Plaintiffs' Exhibit X). Scher also alleges that plaintiffs are attempting to cut his share in LFA from 25% to 17.85%; yet on August 4, 1980, Scher signed a partnership agreement which set his share at 21% (Plaintiffs' Exhibit F), on April 13, 1981 he signed an authorization which set his share at 17.85% (Plaintiffs' Exhibit G), and on April 5, 1982 he signed a supplemental agreement which also set his share at 17.85% (Plaintiffs' Exhibit H). The court does not find that a question of disputed fact exists since Scher does not deny that as early as 1980 he signed documents which clearly stated that he did not have a 25% share in LFA nor does he deny that he signed a promissory note for $100,000 thus negating his claim that he relied on the plaintiffs' statement that he would not have to incur any future financial risks. Scher acquiesced in these arrangements and activities for over seven years, he cannot now come before the court and argue that he initially entered into the deal because he relied on plaintiffs' alleged misrepresentations. Furthermore, Scher has presented no evidence that at the time plaintiffs allegedly told him he would not have to incur any future financial risk their present intent was otherwise. The court will grant plaintiffs' motion for summary judgment granting them a declaratory judgment that Scher is a 17.85% partner in LFA and for summary judgment dismissing defendant's first and fourth counterclaim.

■ Plaintiffs also request a declaratory judgment that defendant is no longer the managing partner of LFA. Paragraph 7 of the partnership agreement designated Scher as the managing partner. Paragraph 19 states that if any of the partners die "the management duties and restrictions pursuant to Paragraphs 7 and 9 hereof shall be determined by a vote of 70% of the total outstanding shares and interests of all partners or assignees." The court finds that Paragraph 19 does not clearly indicate that a 70% vote could be used to remove Scher from his position as managing partner. The court concludes that it is just as plausible to interpret Paragraph 19 as meaning that those decisions which pursuant to Paragraph 7 require unanimous consent can now be made by a vote of 70% of the shares. There is, however, no provision in Paragraph 7 for the removal of the managing partner either by unanimous consent or in any other fashion. The court will deny plaintiffs' summary judgment motion for a declaratory judgment that Scher is no longer the managing partner and that Al Rieder is now the managing partner. The court will also deny plaintiffs' motion to dismiss defendant's second counterclaim.

■ Plaintiffs further move to dismiss defendant's independent claim for punitive

damages. Although there is no independent cause of action for punitive damages in New Jersey, the court can consider the claim for punitive damages as part of defendant's counterclaim for damages. *California Natural, Inc. v. Nestle Holdings, Inc.*, 631 F.Supp. 465, 474 (D.N.J.1986). The court will deny plaintiffs' motion to dismiss defendant's fifth counterclaim.

Plaintiffs further move that the court declare defendant's seventh counterclaim moot. Scher's seventh counterclaim requests an injunction requiring JZR to convey certain land to LFA. As plaintiffs have submitted an executed copy of a deed dated April 29, 1987 transferring land from JZR Associates to LaFonge Associates, (Rieder Reply Affidavit, Exhibit 2), the court will dismiss as moot defendant's seventh counterclaim.

■ Lastly, plaintiffs move to dismiss defendant's ninth counterclaim on the grounds that it is improper as a matter of law. The court will not at this time dismiss defendant's counterclaim for partition, since in some instances partition is a remedy in a partnership dispute and since alternative pleading is permitted under Rule 9(e) of the Federal Rules of Civil Procedure. Plaintiffs' motion for summary judgment on defendant's ninth counterclaim is denied.

■ Defendant has cross-moved for a declaratory judgment restoring defendant as a signatory on all LFA bank accounts. Defendant maintains that this is required by Paragraph 8 of the Partnership Agreement. Paragraph 8 says that all withdrawals from LFA's bank account "are to be made upon a check signed by any one of the partners." The section does not indicate specifically that all partners are to be made signatories, although it does imply that any partner could sign a check. In neither Paragraph 8 nor any other section of the agreement can the parties point to any specific procedures for removing a partner from signatory status. Paragraph 19 which allows certain decisions by a 70% vote specifically states that it applies to Paragraphs 7 and 9 and makes no mention of Paragraph 8. The court is unable to conclude that the plaintiffs had the authority to remove defendant, a partner in LFA, as a signatory. Although at this time the court cannot conclude that a permanent order returning the defendant to signatory status is warranted, the court will give the parties ten (10) days to show cause why it should not enter a preliminary injunction returning Scher to signatory status until this litigation is resolved. The court will decide the Order to Show Cause on the papers pursuant to FED.R.CIV.P. 78.